UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK MCGOWAN,　　　　　　　　　　　Case No.: 1:11-cv-757

　　Plaintiff,　　　　　　　　　　　　　　　　Weber, J.
　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
vs.

HOUSTON WIRE & CABLE,

　　Defendant.

**ORDER**

This civil action was referred to the undersigned for the purpose of conducting an informal discovery dispute conference pursuant to S.D. Ohio Civ. R. 37.1. An informal conference was held, via telephone, on August 14, 2012, concerning Plaintiff's first set of discovery requests and Defendant's responses thereto. Elizabeth Loring appeared on behalf of Plaintiff, and Patricia Pryor and David Nenni appeared on behalf of Defendant. The Court having reviewed the parties pre-conference submissions and hearing oral argument from both parties, as to the issues contain therein, **ORDERS** as follows:

**1. Plaintiff's Document Request 1(a):** Defendant shall produce Plaintiff's complete personnel file as outlined in this request. To the extent that such information has been previously produced the Defendant shall submit a verified response to that effect. Defendant shall also produce the "five specific reports" and the "project sales" report from 2008 through 2010 for TSA/DSM's in the Chicago region.[1] Such reports should be limited to the month report versions.

**2. Plaintiff's Interrogatory Requests Nos. 6 & 20 and Document Request 1(b):** With respect to Interrogatory No. 6, Defendants represented the individuals responsive to

---

[1] Plaintiff's counsel shall contact Defendant's counsel within seven(7) days from the date of this Order specifically identifying the reports requested.

this request include: Randall Vogel, Robert Fife and D.J. Dobbs. With respect to Interrogatory request No. 10, the time period for the requested information is reduced to January 1, 2008 through December 31, 2011. Interrogatory Nos. 6 and 10 also request leave records and/or other accommodations requested by such individuals for medical reasons. To the extent that there is no information responsive to this request the Defendant shall submit a verified response to that effect. If, however, the Defendant possesses information responsive to this request, Defendant shall answer affirmatively to the relevant requests *without personal identifiers* in order to protect the confidential nature of this request. (*i.e.* Do any of the identified individuals have or had a disability? Defendant shall respond only yes or no).[2] Plaintiff's Document Request 1(b), the parties agreed that Defendant shall produce all performance related documents for the individuals identified in Interrogatory Nos. 6 and 10.

3. **Plaintiff's Interrogatory No. 3 and Document Request 1(b)**. The parties agreed that this request has been or will be fully responded to.

4. **Plaintiff's Interrogatory No. 2(a), (c), and 9 and Document Request 2(b):** The information sought in this request is limited to individuals employed in the Chicago region from 2007 through 2010. If no such individuals complained as outlined in the requests, Defendant shall so state in a verified response.

5. **Plaintiff's Interrogatory No. 10 and Document Request 12 and 13.** The performance related documents for the individuals identified in Interrogatory Nos. 6 and 10 which Defendant agreed to produce are also responsive to this request, at least in part. Further, the information sought in this request is limited to individuals employed in the

---

[2] If Defendant's responses indicate that such confidential information exists, Plaintiff may request further intervention from the Court in determining if such information is properly producible.

Chicago region from 2007 through 2010.

**6. Plaintiff's Interrogatory No. 7**: Defendant shall respond to this request. To the extent that such information cannot be ascertained, Defendant shall so state in a verified response.

**7. Plaintiff's Document Request No. 2**: Defendant shall produce all HR related policies and handbooks, including any handouts given to supervisors as guidance during a RIF, if any.

**8. Plaintiff's Document Request No. 8**: The information sought in this request is limited to 2009 to June 2011.

**9. Information relating to Defendant's financial status**: The parties agreed that Defendant will produce the requested information no later than two months before trial in this matter.

**10. Defendant's Insurance Policy**: Defendant agreed to provide a copy of the relevant policy to Plaintiff.

Additionally, every effort shall be made to provide responses and produce the requested documents in advance of the upcoming Houston depositions. Furthermore, Plaintiff's request for sanctions is not well-taken. Much of the information sought was not clearly ascertained from the language of Plaintiff's discovery requests and there is no evidence that Defendant acted in a bad faith or willfully failed to timely provide any requested information. If additional disputes arise, the parties are advised to immediately request an additional informal discovery dispute conference before the undersigned.

**IT IS SO ORDERED.**

                                           */s Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge